{¶ 17} I concur in the judgment and write separately to address a point raised by the dissent. Dillard's requested a nonevidentiary hearing, and Mattox, in her fifteen-page brief opposing Dillard's motion never suggested an oral hearing or further discovery was necessary to develop the record. Rather, she set forth her evidence in an affidavit, and, therefore, I would find that the trial court "heard" the parties, satisfying the statutory requirement. "The parties allowed themselves to be heard *** [T]he nonoral hearing allowed the parties to be heard, as required by R.C. 2711.03." Church v. Fleishour Homes, Inc.,172 Ohio App.3d 205, 2007-Ohio-1806, ¶ 31, citing Liese v. Kent State Univ., 11th Dist. 2003-P-0033, 2004-Ohio-5322. *Page 8